STATE, GEORGE V. B. CLARKE, RELATOR, v. THOMAS EARLE, TREASURER OF JERSEY CITY.

1. *Mandamus* will issue to the disbursing officer of a city to pay a claim which has been allowed by the proper municipal authorities, where no good cause is shown for withholding such payment.

2. It is good ground for refusing the writ, that he who seeks its aid is chargeable with unreasonable delay in making his claim.

On rule to show cause why *mandamus* should not issue to the treasurer of Jersey City, requiring him to audit and pay certain warrants.

Argued at November Term, 1879, before Justices DEPUE, SCUDDER and KNAPP.

For the relator, *J. A. Blair.*

For the defendant, *A. McDermott.*

The opinion of the court was delivered by

KNAPP, J.   The relator seeks the mandatory order of the court, to go against the treasurer of Jersey City, requiring him

to accept and order paid to the relator two certain warrants upon the treasury—one for $176, drawn in favor of Jacob M. Merselis, and the other in favor of J. M. Merselis & Co., for $52. They were drawn by the city clerk, upon filing in his office copies of resolutions of the board of public works ordering those sums to be paid, and, with the clerk's signature, delivered to the payee. The relator holds them by assignments.

It is the practice of this court, when the proper legislative body of a municipal government has ordered a claim against it to be paid, on the refusal of the appointed officers to make payment, to compel such payments by *mandamus,* unless good cause is shown to the contrary.

The reasons which the respondent assigns for his refusal to accept and endorse the warrant are that the claims are stale and of doubtful validity, and that the warrants have not been properly executed by other city officers, whose approval was a prerequisite to payment by the treasurer. The larger demand was ordered paid by resolution of the board of public works of Jersey City, passed December 1st, 1871, the other by like resolution passed February 16th, 1872. The warrants bear dates corresponding with those of the resolution for payments. They were presented to the then mayor of Jersey City for his approval; he refused to sign either, and they failed to receive his signature. The two succeeding mayors, on the warrants being presented to them, refused to endorse them; but on December 14th, 1877, more than six years after the earlier warrant was drawn and signed by the city clerk, while the mayor of the city was temporarily absent, the president of the board of aldermen, sitting for the time in the official seat of the mayor, gave the approval which had theretofore been denied. With this endorsement secured, the respondent was called upon to order payment; he refused to make the order, and it is asked of the court to compel him to do so. The writ of *mandamus* cannot be claimed by the relator as his right. The court in its discretion will refuse it if circumstances appear which render the justice or propriety of its allowance doubt-

ful.    One of the grounds on which the courts deny its use in the collection of debts, is where he who seeks its aid is chargeable with unreasonable delay in asserting his claim.

In this case the relator, or those whose rights he has succeeded to, have allowed these demands against the city to remain since 1872 virtually unasserted, and that, too, when payment was directly refused to be made, and such refusal continued until 1877, when a right of suit against the city was, as to the larger part of his demand, barred by the statute of limitation.

This delay, unaccounted for as it is, casts such doubt upon the justice of the demand as fully warrants the court for that cause alone in denying to the relator this summary mode for its enforcement.    The strong probability is that but for the circumstance of there being temporarily in the mayor's place one who was willing to aid the relator, these claims would not again have been heard of.    I think the city treasurer was fully warranted, upon an inspection of the vouchers, in withholding payment, and in concluding that they were not properly executed.

In all reason there must come a time when an order of this sort, remaining only partially executed, shall cease to have vitality ; and in my judgment it has come when those who for the time being, having authority for and whose approval is essential to its execution, have on consideration finally refused assent.    It cannot, on being approved by one and rejected by others, be continued in abeyance, retaining the force of such partial execution until, through successive changes in office, the requisite official signatures may be had from new incumbents.    The city is entitled to stand upon the action and determination of its agents who for the time have cast upon them the duty of deciding upon questions affecting its interests ; and conclusions, subject to reasonable right of reconsideration, when arrived at, should be regarded as an end of the matter.    I concur in the view expressed by the counsel of defendant, that under the circumstances of this case the approval of the president of the board of aldermen was not a valid

State, N. J. Midland R. R. Co., pros., v. Jersey City

execution of the warrants. The mayor had already had them under consideration, and had decided against and rejected them.

I do not understand that under the charter of Jersey City it is within the power of the president of the board of aldermen, when temporarily acting as mayor, to sit in judgment upon and revise and overturn the acts of that officer, and reverse the decisions and determinations which have been had in the office. He cannot revive by his approval claims against the city which have been rejected by the mayor, or recall vetoes to ordinances and resolutions, and establish them by his approval. I think his power, when sitting temporarily in that office, is limited to the performance of duties of the office currently arising, and which are unexecuted and undecided.

If it be otherwise, the greatest confusion and embarrassment may by his casual presence be thrown into municipal affairs and proceedings.

The relator is not entitled to the remedy which he seeks, and must be left for the enforcement of whatever rights he may have against the city, founded on the claim here presented, to such redress as he has through ordinary legal procedure.

*Mandamus* should be refused, with costs.